Matter of 177 Water St. Realty LLC v New York City Loft Bd. (2019 NY Slip Op 01322)





Matter of 177 Water St. Realty LLC v New York City Loft Bd.


2019 NY Slip Op 01322


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Kern, JJ.


8474 100109/16

[*1]In re 177 Water Street Realty LLC, Petitioner,
v
New York City Loft Board, et al., Respondents.


Warshaw Burstein, LLP, New York (Bruce H. Wiener of counsel), for petitioner.
Zachary W. Carter, Corporation Counsel, New York (Diana Lawless of counsel), for New York City Loft Board, respondent.
Ween & Kozek, PLLC, Brooklyn (Michael P. Kozek of counsel), for Octavio Molina and Doreen Gallo, respondents.



Determination of respondent New York City Loft Board (Board), dated January 15, 2015, which, among other things, granted the coverage application by respondent Molina under article 7-C of the Multiple Dwelling Law (Loft Law) with respect to the second floor unit of the subject building and his protected occupant status, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Shlomo Hager, J.], entered November 15, 2017), dismissed, without costs.
The Board's grant of the application by tenant Molina for coverage under the Loft Law is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights , 45 NY2d 176, 180-181 [1978]). The Board reasonably accepted the Administrative Law Judge's findings that Molina lived in a separate and independent household for 12 months during the window period, and was in possession of, and primarily resided at, that separate unit as of June 21, 2010.
In view of our disposition on the merits, we need not reach the Board's argument that this proceeding was not timely commenced. We have considered the remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK